IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNYLVANIA

| | |
|---|---|
| **DEBORAH ELLSWORTH** | ) |
| | ) |
| | )  **Civil Action No.** |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **SALLIE MAE, INC.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter the "TCPA"), and other common law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff Deborah Ellsworth is an adult individual residing in Burton, MI.

3. Defendant Sallie Mae, Inc. is a business entity which regularly conducts business in the Eastern District of Pennsylvania with its principal office located at 220 Lasley Avenue, Hanover Township, PA 18706.

## JURISDICTION AND VENUE

4. The matter in controversy here exceeds $75,000.00.

5. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 & 1332, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

7. At all pertinent times hereto, Defendant was collecting a debt purportedly owed to Defendant (hereafter the "debt").

8. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9. At all times relevant hereto, Defendant contacted Plaintiff by using automated telephone dialing system ("ATDS") including but not limited to predictive dialers and/or prerecorded and artificial voice technology to Plaintiff's cellular telephone in an attempt to collect the debt.

10. In or around January 2013, Defendant began contacting Plaintiff on Plaintiff's cellular telephone approximately 2-3 times daily in an attempt to collect a debt owed by Plaintiff for a Sallie Mae student loan.

11. Plaintiff repeatedly advised Defendant to cease contacting her cellular telephone and revoked all consent for Defendant to contact her cellular telephone.

12. Notwithstanding the above, Defendant has repeatedly continued to contact Plaintiff on her cellular telephone by using an ATDS and/or artificial and prerecorded messages in an attempt to collect the debt despite Plaintiff's instructions to cease all further contact with her on her cellular telephone.

13. Defendant continued contacting Plaintiff on her cellular telephone at least through through October 2013 in an attempt to collect the debt despite Plaintiff's admonitions.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

16. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to invasion of privacy, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – VIOLATIONS OF THE TCPA

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times relevant hereto, Defendant used, controlled and/or operated "automatic telephone dialing systems" as defined by §227(a)(1) of the TCPA.

19. Defendant initiated multiple calls to Plaintiff's telephone line using artificial and or prerecorded voices to deliver messages without express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(3) of the TCPA.

20. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent from bona fid error, lawful right, legal defense, legal justification, or legal excuse.

21. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages, and treble damages.

## COUNT II – INVASION OF PRIVACY

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Defendant's conduct, including but not limited to attempting to collect a debt that Plaintiff by using automated dialers and artificial and/or prerecorded messages directed to Plaintiff's cellular telephone despite being repeated advised on numerous occasions to discontinue contacting her in this manner, constitutes an invasion of privacy.

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## **JURY TRIAL DEMAND**

25. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Punitive damages; and

(e) Such other and further relief as may be just and proper.

                                      Respectfully Submitted,

                                      **FRANCIS & MAILMAN, P.C**.

BY:    */s/ Mark Mailman*
          MARK MAILMAN
          GREGORY J. GORSKI
          Land Title Building, 19th Floor
          100 South Broad Street
          Philadelphia, PA 19110
          (215) 735-8600

          Attorneys for Plaintiff

DATE: April 9, 2014